E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-07996-S1**
10/26/2023 6:17 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| Nancy Brownlee,<br>    Plaintiff,<br>v.<br><br>Invitation Homes Realty, LLC, Invitation Homes, Inc., CHS Properties, LLC and ABC Corp 1-2,<br>    Defendants. | CIVIL ACTION 23-C-07996-S1<br>FILE NO. _____ |

## COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFF **Nancy Brownlee** and hereby files her Complaint for Damages against Defendants **Invitation Homes Realty, LLC, Invitation Homes, Inc., CHS Properties, LLC and ABC Corps 1-2** and in support thereof, show this Court as follows:

1.

Plaintiff **Nancy Brownlee** is a resident of Cobb County, Georgia.

2.

Defendant **Invitation Homes Realty, LLC** is a Delaware corporation that is authorized to transact business in Georgia and is subject to the jurisdiction and venue of this Court. Service can be made on Defendant **Invitation Homes Realty, LLC** by serving its registered agent Corporation Service Company at 2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092.

3.

Defendant **Invitation Homes Realty, LLC** has been properly served with process in this action.

4.

Jurisdiction and venue are proper as to Defendant **Invitation Homes Realty, LLC.**

5.

Defendant **Invitation Homes, Inc.** is a Delaware corporation with its principal place of business in Dallas, Texas and that does substantial business in and derives substantial revenue from the State of Georgia. Defendant **Invitation Homes, Inc.** may be served

Exhibit A

through its registered agent, CORPORATION SERVICE COMPANY DBA CSC - LAWYERS INCO at 211 E. 7TH STREET, SUITE 620 AUSTIN, TX 78701.

6.

Defendant **Invitation Homes, Inc.** has been properly served with process in this action.

7.

Jurisdiction and venue are proper as to Defendant **Invitation Homes, Inc.**

8.

Defendant **CHS Properties, LLC** is an Arizona corporation and that does substantial business in and derives substantial revenue from the State of Georgia. Service can be made on Defendant **CHS Properties, LLC** by serving its registered agent TIMOTHY R JANISCH at 15841 E TEPEE DR, FOUNTAIN HILLS, AZ 85268.

9.

Defendant **CHS Properties, LLC** has been properly served with process in this action.

10.

Jurisdiction and venue are proper as to Defendant **CHS Properties, LLC.**

11.

Defendants ABC Corp 1-2 are additional entities that engaged in the torts and intentional torts against Plaintiff. Defendants ABC Corp 1-2 are subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all allegations and claims made in this Complaint against any other Defendant against Defendants ABC Corp 1-2. Defendants ABC Corp 1-2 will be named and served with the Summons and Complaint once their identity is revealed.

12.

At all times herein, Defendants **Invitation Homes Realty, LLC, Invitation Homes, Inc., and/or CHS Properties, LLC** owned, operated, controlled and/or managed the property located at 92 Indian Trail Drive, Powder Springs Drive, Georgia, 30127.

13.

On Monday, March 13, 2023, our client Nancy Brownlee was a tenant at 92 Indian Trail Drive, Powder Springs Drive, Georgia, 30127. Plaintiff lived there since February 2022.

14.

A few days earlier, Plaintiff noticed a water leak in the garage near the washing machine.

15.

The leak had a foul odor and appeared to contain sewage. Plaintiff immediately called and reported the leak to Defendants.

16.

A few days later, a repairman came to repair the leak.

17.

On that visit, the repairman informed Plaintiff that the leak appeared to be coming from a pipe and was leaking sewage from a toilet.

18.

After working on the repair, the repairman stated that he repaired the leak and that there should not be any further problems.

19.

A few later, Plaintiff again noticed water on the floor in the same area as the original leak.

20.

Plaintiff notified Defendants about the second leak on March 13, 2023.

Exhibit A

21.

In response to the call, the same repairman came to inspect and repair the leak.

22.

Plaintiff led the repairman to the garage.

23.

Unbeknownst to Plaintiff, the puddle of sewage had grown so large that it expanded to the door leading into the garage.

24.

Plaintiff opened the door to the garage and entered to turn on the light.

25.

As Plaintiff stepped into the garage to turn on the light, she stepped into the wet sewage, slipped and fell hard on the cement floor.

26.

Plaintiff immediately felt pain in her left arm, shoulder and hip.

27.

At all times relevant to this matter at said location and on said date, Plaintiff **Nancy Brownlee** exercised reasonable care for her own safety.

28.

Defendants breached their duty owed to Plaintiff **Nancy Brownlee** by failing to exercise ordinary care to keep the premises and invitees safe.

29.

On the date of the incident, Defendants negligently failed to maintain and repair the sewage pipes in the garage.

30.

Defendants knew or should have known that failure to maintain and repair the sewage pipes in the garage involved an unreasonable risk to the tenants of its property.

Exhibit A

31.

Prior to and on March 13, 2023, the subject premises were negligently maintained. Defendants had knowledge, both actual and constructive, of the need to properly maintain and repair said premises but failed to exercise ordinary care.

32.

Defendants had actual and constructive knowledge that the negligently maintained and repaired sewage pipes in the garage created a dangerous condition.

33.

At all times mentioned herein, Defendants controlled the management and repair of the property and had the legal duty to keep the premises and invitees in a state consistent with regard to the safety of their invitees, including Plaintiff **Nancy Brownlee**.

34.

Defendants breached said duties to Plaintiff **Nancy Brownlee** and failed to act as similarly situated businesses would in like circumstances.

35.

Defendants were negligent in negligently failing to maintain and repair the sewage pipes in the garage, thereby creating an unreasonable risk of injury to their invitees, including Plaintiff **Nancy Brownlee**.

36.

Defendants knew of or, with the exercise of due care for the safety of their invitees, should have known of the dangerous and hazardous condition existing on the premises and the failure to maintain said premises and that said negligence was likely to result in the injuries suffered by the Plaintiff **Nancy Brownlee**.

37.

Defendants were and are negligent *per se*.

38.

Defendants were negligent and said negligence proximately caused Plaintiff **Nancy Brownlee'S** injuries in the following ways, to-wit:

Exhibit A

a) Violation of O.C.G.A. §51-3-1 by failing to use ordinary care to keep the premises safe;

b) In failing to properly inspect and maintain the premises;

c) In failing to warn of the latent dangers on the premises;

d) In failing to properly train and supervise their employees in regard to the maintenance and safety of said premises;

e) In failing in properly retaining, entrusting, hiring, training and supervising said employees; and

f) In failing to ensure business policies, systems and security were being adequately followed and implemented.

39.

Defendants had actual and constructive knowledge of the dangerous and hazardous conditions existing on the premises due to the direct knowledge of its employees and agents. Defendants knew or should have used proper care towards their invitees.

40.

Because Defendants had knowledge of, or in the exercise of reasonable care should have had knowledge of the dangerous environment of said property, Defendants are liable for the negligent supervision, hiring, training, and retention of their employees and the entrustment of said property to its agents and employees. Said negligence was a proximate cause of injuries to Plaintiff **Nancy Brownlee**.

41.

Defendants negligently represented to their invitees that the property at issue was properly maintained and that the premises were safe.

42.

Defendants failed to take appropriate action to remedy or reduce the danger to its invitees, including Plaintiff **Nancy Brownlee**, and allowed the dangerous behavior to continue to exist unabated, thereby creating a nuisance.

43.

Defendants' negligence was a cause in fact and the proximate cause Plaintiff **Nancy Brownlee'S** injuries.

44.

As a result of the negligence of Defendants, Plaintiff received severe injuries of body and mind, and still suffers, and will continue to suffer, great physical and mental pain in the future.

45.

Plaintiff suffered immediate, continuing, and permanent injuries to her shoulder which caused and continues to cause extreme and disabling pain, all directly and proximately caused by the aforesaid negligence of the Defendants.

46.

Defendants are liable for the injuries sustained by Plaintiff **Nancy Brownlee** including past and future medical treatment, pain and suffering, and all other elements of damages allowed under the laws of the State of Georgia. Defendants are liable to Plaintiff directly, as well as under theories of respondeat superior and agency principles.

47.

As a proximate and foreseeable result of the negligence of Defendants, Plaintiff **Nancy Brownlee** received serious injuries, endured pain and suffering, mental anguish, loss of the enjoyment of life, and suffered other damages as will be proven at trial and permitted under Georgia law. Plaintiff **Nancy Brownlee** is entitled to recover all other elements of damages allowed under Georgia law. Plaintiff **Nancy Brownlee** states his

Exhibit A

intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;

b) Past, present, and future pain and suffering;

c) Past, present, and future lost wages;

d) Past, present, and future medical expenses;

e) Disability;

f) Disfigurement;

g) Mental anguish;

h) Lost ability to labor;

i) Loss of the capacity for the enjoyment of life;

j) Incidental expenses;

k) Permanent injuries; and

l) Consequential damages to be proven at trial.

48.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of the Defendants and one or more or all above stated acts were the proximate causes of the injuries to Plaintiff **Nancy Brownlee**. Plaintiff states her intention to seek and assert all permissible claims and all damages recoverable under Georgia law.

WHEREFORE, Plaintiff respectfully prays that:

1) Process issue as provided by law;

2) Plaintiff be awarded actual damages in amounts to be shown at trial from the Defendants;

Exhibit A

3) Plaintiff be awarded all general, special, compensatory, economic, punitive and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia law;

4) Plaintiff has a trial by jury; and

6) Plaintiff has such other relief as this Court deems just and appropriate under the circumstances.

**TRIAL BY JURY IS HEREBY DEMANDED**

Respectfully submitted this 25th day of October, 2023.

                KUVEIKIS LAW, P.C.

                /s/ Joseph F. Kuveikis
                Joseph F. Kuveikis, Esq.

***Kuveikis Law, P.C.***
***Georgia & Florida Personal Injury Attorneys***
4390 Pleasant Hill Road, Suite F
Duluth, Georgia 30096
☏ (678) 561-2426

Exhibit A